**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEANDRE MARQUI GRAY,**

      **Petitioner,**

**v.**                                                    **Case No.: 8:19-cv-544-T-27JSS**
                                                    **Criminal Case No.: 8:16-cr-303-T-27JSS**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

**ORDER**

**BEFORE THE COURT** are Petitioner Gray's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), his Memorandum in Support (cv Dkt. 2), and the United States' Response (cv Dkt. 5). Upon consideration, Gray's § 2255 motion is **DENIED**.

**BACKGROUND**

In 2016, Gray was indicted and charged with conspiring to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. (cr Dkt. 1). He pleaded guilty without a plea agreement. (cr Dkts. 35, 64). During his change of plea hearing, he acknowledged that he faced a mandatory minimum sentence of ten years and up to life in prison. (cr Dkt. 64 at 12).

The PSR classified Gray as a career offender based on three prior convictions, one for possession with the intent to manufacture or deliver cocaine and two for possession with the intent to deliver cocaine, in violation of section 481.112 of the Texas Health and Safety Code. (cr Dkt.

37 ¶ 21).[1] After a three level reduction for acceptance of responsibility, Gray's offense level was 34. With a criminal history category VI, his guidelines range was 262-327 months. (Id. ¶¶ 23-25, 38, 74). At sentencing, the Court noted there were no objections to the PSR or the application of the guidelines. (cr Dkt. 57 at 2). Counsel acknowledged that he confirmed the validity of Gray's prior convictions supporting the career offender designation. (Id. at 3). After consideration of the § 3553(a) factors, the Court varied downward and sentenced Gray to 240 months. (Id. at 14-20).

The sole issue on Gray's direct appeal was whether he was correctly sentenced as a career offender, given the Fifth Circuit's subsequent ruling that section 481.112(a) convictions do not qualify as controlled substance offenses. (cr Dkt. 70); *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017).[2] Due to the absence of an objection to the enhancement at sentencing, the Eleventh Circuit reviewed the issue for plain error, concluding that Gray "failed to establish plain error because he has not cited a single case from the Supreme Court or this Circuit directly holding that the Texas convictions at issue on this appeal do not qualify as controlled substance offenses under the Sentencing Guidelines." *United States v. Gray*, 698 F.

---

[1] Under USSG §4B1.1(a), a defendant is a career offender if (1) he was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Controlled substance offenses include an offense under any state law "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG §4B1.2(b) (2016).

The PSR does not specify the statutes under which Gray was convicted. (cr Dkt. 37 ¶¶ 29, 30, 32). He maintains he was convicted under section 481.112(a), which the United States does not dispute. That statute provides that "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1," which includes cocaine. Tex. Health & Safety Code §§ 481.112(a) and 481.102.

[2] *Tanksley* was issued on January 18, 2017. Gray was sentenced on January 17, 2017. (cr Dkt. 57 at 1).

App'x 589, 590 (11th Cir. 2017). The Eleventh Circuit further found that he "has not shown that he was prejudiced by any error because the district court sentenced him to 240 months' imprisonment, which is within the guidelines range (235-293 months) he would have been subject to but for his career offender status, and he has not demonstrated that the district court would have imposed an even lower sentence." *Id.* The Supreme Court denied Gray's petition for writ of certiorari. *Gray v. United States*, 138 S. Ct. 1547 (2018).

In his § 2255 motion, Gray raises three claims related to the career offender enhancement, including ineffective assistance of counsel. (cv Dkt. 1). The United States responds that the claims are without merit. (cv Dkt. 5). The Court agrees.[3]

## STANDARD

To establish ineffective assistance of counsel, Gray must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

---

[3] An evidentiary hearing is unnecessary since the § 2255 motion "and the files and records of the case conclusively show that [Gray] is entitled to no relief." 28 U.S.C. § 2255(b).

## DISCUSSION

Because Gray cannot show that trial or appellate counsel's performance was deficient or that he suffered resulting prejudice, his ineffective assistance of counsel claims fail. And his independent challenge to his sentence is foreclosed, not cognizable, and without merit.

### *Ground One*

In Ground One, Gray contends his counsel at sentencing was ineffective in

> not objecting to the Courts inclusion of Mr. Gray prior Texas conviction as predicate offenses for the application of the career offender enhancement, because the prior conviction used to qualify him for career offender enhancements are not offenses "described in" USSG §4B1.1.

(cv Dkt. 1 at 4). In his memorandum in support, he adds that counsel "failed to research the law and investigate the facts of [his] prior conviction," and that he told counsel he believed his convictions should not be counted "because they were very old priors and . . . a new law in Texas said his Texas prior conviction no longer qualify for sentence enhancements." (cv Dkt. 2 at 6-8; cv Dkt. 2-1 at 2).[4] He further cites *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *Tanksley* for the proposition that violations of section 481.112(a) are not controlled substance offenses. (cv Dkt. 2 at 9). His contentions are without merit.

---

[4] Gray provides no facts or authority to support his contention that his prior convictions were too old to qualify as career offender predicates. The claim is, in any event, without merit. *See United States v. Webster*, 159 F. App'x 134 (11th Cir. 2005) (defendant's due process not violated by career offender enhancement supported by 21-year-old conviction); *see also United States v. Gordon*, 203 F. App'x 318, 319-20 (11th Cir. 2006). And to calculate a defendant's criminal history, USSG §4A1.2(e)(1) directs courts to "count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated" within "fifteen years of the defendant's commencement of the instant offense." As reflected in the PSR, undisputed by Gray, he was incarcerated on the convictions within 15 years of the commencement of the instant offense. (cr Dkt. 37 ¶¶ 7-10, 29, 30).

Additionally, he fails to support with any facts or authority his claim that counsel's representation "denied him of his substantive right to due process." (cv Dkt. 1 at 4). The claim is due to be denied for the reasons discussed.

Gray is unable to establish that counsel's performance was constitutionally deficient because, at the time of sentencing, there was no basis for counsel to object to the career offender enhancement. Indeed, Gray was over the age of 18 when he committed the conspiracy offense and had at least two prior felonies for controlled substance offenses. As the Eleventh Circuit noted in his direct appeal, Gray is unable to "cite[] a single case from the Supreme Court or this Circuit directly holding that the Texas convictions at issue on this appeal do not qualify as controlled substance offenses under the Sentencing Guidelines."[5] *Gray*, 698 F. App'x at 590.

As for Fifth Circuit precedent, *Tanksley* was not rendered until after Gray's sentencing. And in *Hinkle*, the panel addressed the question of whether "delivery" of a controlled substance constituted a controlled substance offense.[6] 832 F.3d at 571. Notably, *Hinkle* did not expressly overrule *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007), which held that a conviction for possession with intent to deliver a controlled substance qualified as a controlled substance offense. Indeed, whether *Ford* "still represents the law" was the very question the Fifth Circuit addressed in *Tanksley*. 848 F.3d at 349.

In any event, Gray fails to cite authority from this Circuit holding that his convictions do not constitute controlled substance offenses. Nor does he adequately explain why it would have

---

[5] Although the Eleventh Circuit has not determined whether a conviction of section 481.112 for possession of cocaine with intent to deliver constitutes a controlled substance offense, by the time of Gray's sentencing the court had ruled that, under a categorical approach, it constitutes a drug trafficking offense under USSG § 2L1.2(b)(1)(A). *See United States v. Arroyo-Gorrostieta*, 644 F. App'x 991, 993-94 (11th Cir. 2016). And as the court had previously noted, "the Guidelines definition of 'drug trafficking offense' is virtually identical to its definition of 'controlled substance offense.'" *United States v. Wilson*, 166 F. App'x 420, 421 (11th Cir. 2006); *see also Tanksley*, 848 F.3d at 351.

[6] The Fifth Circuit determined that delivery of a controlled substance does not constitute a controlled substance offense, since the statute's definition of "deliver" included offering to sell a controlled substance, conduct that does not fall within the guidelines' definition of "controlled substance offense." *Hinkle*, 832 F.3d at 572, 576-77.

been unreasonable for an attorney to believe that a challenge to the convictions was without merit.

Accordingly, counsel's performance could not have been deficient. Nor does Gray demonstrate a

reasonable probability that the result would have been different if counsel had raised the issue.[7]

*See Strickland*, 466 U.S. at 694. In the absence of deficient performance and resulting prejudice,

Ground One is without merit and due to be denied.

**Ground Two**

> In Ground Two, Gray contends his appellate counsel was ineffective in failing

>> to argue trial counsel ineffectiveness, as appellate counsel fail to raise a
>> claim on appeal that was clearly obviously valid from the trial record and
>> that any competent lawyer would have raised it, thus, but for appellate
>> counsel deficient performance, the outcome of the appeal would have been
>> different.

(cv Dkt. 1 at 5). In his memorandum, he explains that appellate counsel "was well aware that (or

should have been aware) that Fifth Circuit authority precedent governing certain prior conviction

was changed prohibiting prior conviction identical as Petitioner no longer qualified as career

offender predicates." (cv Dkt. 2 at 17). His contentions are without merit.

Appellate counsel's performance was not deficient because, in the absence of a valid basis

on which trial counsel could have objected to the career offender enhancement, any ineffective

assistance of counsel claim would have been without merit. *See Freeman v. Attorney General,*

*State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing

---

[7] Moreover, as the Eleventh Circuit noted on Gray's direct appeal, "the district court sentenced him to 240 months' imprisonment, which is within the guidelines range (235-293 months) he would have been subject to but for his career offender status, and he has not demonstrated that the district court would have imposed an even lower sentence." *Gray*, 698 F. App'x at 590.

Additionally, Gray fails to support his assertion that counsel "failed to research the law and investigate the facts of [Gray's] prior conviction himself" with any factual basis. At sentencing, counsel confirmed that he verified the convictions. (cr Dkt. 57 at 3). In any event, the claim fails since Gray is unable to establish prejudice.

to raise a meritless claim."). And Gray was nonetheless able to challenge the career offender enhancement on appeal, although the issue was reviewed for plain error.

Moreover, as the United States observes, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion 'even if the record contains some indication of deficiencies in counsel's performance.'" (Dkt. 5 at 14-15); *United States v. Patterson*, 595 F.3d 1324, 1328-29 (11th Cir. 2010) (citation omitted). Indeed, Gray was able to raise his ineffective assistance of counsel claim in this proceeding. In the absence of deficient performance and resulting prejudice, Ground Two is without merit and due to be denied.

### Ground Three

In Ground Three, Gray contends that

> [i]t was plain error for this court to sentence him as a career offender, because the Fifth Circuit Court of Appeals has held that violations of Texas Health and Safety Code §481.112(a), which prohibits, inter alia, the "possession with intent to deliver a controlled substance" does not qualify as a controlled substance offense under the Sentencing Guideline.

(cv Dkt. 1 at 7). In his memorandum, he explains that "[e]ven though the defense did not object on the basis of the Sixth and Fourteenth Amendment violations (career offender designation), the legal error is plain error." (cv Dkt. 2 at 20). His contentions are without merit.

As the United States correctly contends, Gray's claim is not cognizable and is foreclosed by the Eleventh Circuit's ruling. (cv Dkt. 5 at 7-10). First, an improper career offender enhancement does not constitute a "fundamental defect which inherently results in a complete miscarriage of justice," such that relief under § 2255 is available. *Spencer v. United States*, 773

F.3d 1132, 1138-40 (11th Cir. 2014).[8] Second, the Eleventh Circuit found that the assessment of Gray's career offender enhancement did not constitute plain error. *Gray*, 698 F. App'x at 590. "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation and alterations omitted). Accordingly, the claim is foreclosed, not cognizable, and without merit. Ground Three is therefore due to be denied.

**Certificate of Appealability ("COA")**

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires him to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c)(2). Gray cannot meet this standard. Because he is not entitled to a COA, he cannot appeal *in forma pauperis*.

## CONCLUSION

Petitioner Gray's § 2255 motion is **DENIED**. (cv Dkt. 1). The Clerk is directed to enter judgment in favor of the United States and against Gray, and to **CLOSE** the case.

**DONE AND ORDERED** this 7th day of May, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record

---

[8] "When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Spencer*, 773 F.3d at 1139. Gray was sentenced below the statutory maximum and the applicable guidelines range. (cr Dkt. 57 at 19-20).